UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| In Re:<br><br>**Wanda D. Wilson**<br><br>            Debtor, | : **Chapter 13**<br>: **Case No. 18-16752-JKF**<br>: |
| U.S. Bank Trust National Association,<br>as Trustee of the Cabana Series III Trust<br><br>            Movant,<br>v.<br><br>Wanda D. Wilson<br><br>            Debtor,<br>and<br><br>Scott F. Waterman, Esquire<br>            Trustee,<br><br>            Respondents. | :<br>:<br>:<br>:<br>:<br>: Hearing:  July 15, 2020 at 11:00 a.m.<br>: Courtroom # 3<br>:<br>:<br>:<br>: 11 U.S.C. §362(d)<br>:<br>:<br>: |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST FOR RELIEF FROM THE AUTOMATIC STAY AS TO CERTAIN REALTY KNOWN AS 3332 N. MASCHER STREET, PHILADELPHIA PA 19140**

1. I, _Raymond Valderrama Jr_, am a _Asst Vice President_ for BSI Financial Services as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust (hereinafter "Movant") have full knowledge of the above-captioned matter and I am fully qualified and authorized to make the following Certification in support of the within relief application on behalf of the Movant. This certification is based on the loan payment records of BSI Financial Services. These records are regularly maintained in the regular course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments

are noted in the records at the time of receipt by persons who regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2. Movant is U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust (hereinafter "Movant"), and is the proper party in interest.

3. On April 12, 2010, the Debtor, Wanda D. Wilson, executed a Mortgage in favor of Flagship Mortgage Corp., with respect to certain real property owned by the Debtor located at 3332 N. Mascher Street, Philadelphia PA 19140 (the "Property") and recorded with the Commissioner of Records, City of Philadelphia on April 16, 2010, Document No. 52199913 (the "Mortgage") in which Debtor is the title holder.

4. 3332 N. Mascher Street, Philadelphia PA 19140 is the Subject Property at issue.

5. Said mortgage was assigned to the Movant on March 7, 2019, and said assignment of mortgage was recorded with the City of Philadelphia on April 4, 2019, at instrument #53498038, and is a matter of public record. (Please see Exhibit A.)

6. Debtor's Chapter 13 petition was filed on October 10, 2018.

7. The Debtor's confirmed 6th Amended Chapter 13 Plan provides for the Debtor to cure arrears of $11,012.42 through the plan and to make post-petition payments directly to Movant.

8. The pre-petition arrears as listed in Movant's claim 6-1 are $11,012.42. The Debtor's Amended Chapter 13 plan provides for this exact amount to be paid.

10. Since the date of filing, the Debtor should have made 20 post-petition payments to Movant for the months of November 1, 2018 through June 1, 2020.

11. Since the date of filing, the Debtor has made no payments to Movant, the Debtor is due for the following payments:

- Fourteen (14) payments of $390.14 for November 1, 2018 – December 1, 2019

- Six (6) payments of $531.99 for January 1, 2020 – June 1, 2020

12. The post-petition arrears are **$8,653.90**.

15. The estimated payoff as of May 12, 2020 is $39,517.44.

16. The Debtor valued the Subject Property at $29,990.50.

17. The Debtor has no equity in the Subject Property.

18. Movant is not adequately protected by the Subject Property.

19. Pursuant to the foregoing, Movant contends that cause exists to grant it relief from the Automatic Stay. Accordingly, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1).

20. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

21. In the event this Court should grant the relief requested, Movant should be relieved of the filing and notice requirements of FRBP 3002.1(b & c) as the mortgage claim would then be under the control of the Mortgagor.

22. In addition, reasonable attorney fees and court filing costs will be incurred by Movant for representation in this matter.

23. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned Chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay, along with all other relief the Court deems just and equitable under the circumstances.

I CERTIFY under penalty of perjury that the foregoing is true and correct.

Executed on 06/16/2020.

Respectfully submitted,

BY: _____